Daniel Griffin, plaintiff in error, vs. Montgomery and West Point Railroad Company, defendant in error.

| 26 | 111 |
| 85 | 489 |
| 26 | 111 |
| 120 | 363 |
| 26 | 111 |
| 123 | 7 |

The admissions of an agent, not made at the time when the fact transpires, upon which it is sought to charge his principal, but subsequently, being no part of the *res gestæ,* should be excluded.

Trover, from Muscogee. Tried before Judge Worrill, May Term, 1858.

112      SUPREME COURT OF GEORGIA.

Griffin vs. Montgomery and West Point Railroad Company.

The Montgomery and West Point Railroad Company conveyed a negro boy, Warren, from Columbus, belonging to Daniel Griffin, the plaintiff, away from his possession; whereupon he brought his action of trover.

On the trial of the case, plaintiff proposed to prove by the admission of David Cropp, conductor of one of the passenger trains of defendant, to the superintendent, Samuel G. Jones, that he carried plaintiff's boy, Warren, over the road, knowing him to be a negro, and that he belonged to plaintiff; the negro was passing for a white man, and he humored the joke, and charged him full fare. This admission was the last month of 1855, or the first of 1856, and Cropp was then a conductor on the passenger train of defendant.

Defendant's counsel objected to this testimony on the ground, that it was not a part of the *res gestæ*. The objection was sustained by the Court, and the plaintiff excepted.

Plaintiff then proposed to prove that Cropp made the same admission to Robert Simons, the night after he carried the negro boy Warren over the road. To which defendant's counsel objected. The Court sustained the objection, and plaintiff's counsel excepted.

Plaintiff then proved the value of the negro; a demand on defendant for the negro, and a refusal by the defendant to deliver him; and the ownership of the negro Warren. The right to possession being admitted to be in plaintiff.

Plaintiff closed his case; whereupon, defendant moved the Court for a nonsuit, which was granted by the Court, and and plaintiff excepted, and on these exceptions assigns error.

R. J. Moses, by Jno. A. Jones, for plaintiff in error.

Hines Holt, for defendant in error.

*By the Court.*—Lumpkin J. delivering the opinion.

To bind the principal by the admissions of his agent, they

must be made at the time the thing occurs, or the business is transacted. 1 *Greenleaf, sec.* 113 *and note, and the authorities there cited.* The conductor is a competent witness in this case, and should have been examined. His sayings, made at a subsequent time, are no part of the *res gestæ*, and were properly excluded by the Court.

Judgment affirmed.