ELLA S. HINES, administratrix, plaintiff in error, *vs.* EPHRIAM H. POOLE, defendant in error.

(BLECKLEY, Judge, was providentially prevented from presiding in this case.)

1. Where a person is employed as a general agent to transact business for an administratrix, and afterwards dies, his sayings, in connection with such agency, are admissible to bind the estate.
2. Where one party to a contract is dead, the other is a competent witness to show that the consideration thereof inured to the benefit of the estate of the deceased after his death.

Administrators and executors.    Principal and agent.    Evidence.    Witness.    Before Judge WRIGHT.    Decatur Superior Court.    November Adjourned Term, 1875.

The following, taken in connection with the decision, presents the facts of this case :

E. R. Peabody testified that C. C. King, the father of Mrs. Hines, had been her general agent for the management of the estate of her intestate, D. P. Hines; that he stated to witness that the Hodgkiss' Scott & Company claim had been arranged

Hines *vs.* Poole.

by Mrs. Hines giving her note, as administratrix, for the amount; that said King was now dead; that the consideration of the debt was merchandise, most of which was sold after the death of intestate, and the proceeds turned over to his administratrix or her agent.

T. H. Hodgkiss testified that the note was taken in settlement of an account for goods; that many of the articles were on hand at the time of intestate's death, and were in the possession of his administratrix; that the consideration of the debt inured to the benefit of intestate's estate; that witness was senior member of the firm of Hodgkiss, Scott & Company, the payees of the note; that he has no pecuniary interest in this suit, the note having been transferred to Poole.

FLEMING & RUTHERFORD; GURLEY & RUSSELL, for plaintiff in error.

WHITELEY & DONALDSON, by Z. D. HARRISON, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant, on a promissory note signed by the defendant, as administratrix on the estate of D. P. Hines, with an averment that said note was given in payment of an account due by the intestate and for the benefit of his estate. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff for the sum of $566 46, principal, with interest. The defendant made a motion for a new trial on various grounds, which was overruled by the court, and the defendant excepted.

Many of the questions made by the plaintiff in error, were settled when this case was before this court on a former occasion: See 52 *Georgia Reports,* 500.

1. There was no error in admitting the evidence of Peabody as to the sayings of King, the defendant's general agent in the management of her intestate's estate, the agent, King, being dead.

2. There was no error in admitting the evidence of Hodg-kiss, as against the defendant, because her intestate was dead ; the witness was only offered to prove that the account for which the note was given inured to the benefit of the estate, and not to prove any contract made with the intestate. In view of the evidence contained in the record, there was no error in the charge of the court to the jury, or in refusing to charge as requested.

Let the judgment of the court below, overruling the motion for a new trial, be affirmed.