TURNER, administrator, *v.* TURNER.

1. As a general rule, the declarations of an agent are not admissible against his principal, unless they are made as a part of the transaction being carried on in behalf of the principal and constitute a part of the res gestæ.
2. Declarations of an agent, in the nature of entries made in the regular course of the business of the principal, are, after the death of the agent, admissible against the principal in some cases not strictly within the rule above referred to.
3. Declarations of a person since deceased, against his interest, and not made with a view to pending litigation, are admissible in evidence in any case.
4. The provisions of the Civil Code, § 3034, that the declarations of an agent "as to the business transacted by him are not admissible against his principal, unless they were a part of the negotiation, and constituting the res gestæ, or else the agent be dead," are merely declaratory of the law existing at the time the code was adopted.   The words "or else the agent be dead" refer to entries made by an agent since deceased, in the regular course of the

business of his principal, or declarations made by a person since deceased, against his interest, or other instances where, under the established rules of evidence, the declarations of a deceased person might be admitted in evidence.

5. Declarations or entries made by one since deceased, against his interest, when admitted, are evidence as to any fact stated therein which was within his knowledge or which it was his duty to know. ·

6. The mere fact that an agent employed to negotiate a loan is an attorney at law, and in securing the loan performs duties ordinarily performed by an attorney, will not make the relation existing between the borrower and such agent that of attorney and client, so as to render the agent an incompetent witness against the borrower as to matters which came to his knowledge pending the negotiation of the loan.

7. An allegation of agency may be established by evidence showing the existence of the relation of principal and agent in any of the methods recognized by law as establishing this relation.

8. There was evidence authorizing the verdict, and no sufficient reason has been shown for reversing the judgment refusing a new trial.

Argued April 21,—Decided May 12, 1905.

Complaint.    Before Judge Henry.    Floyd superior court. September 9, 1904.

The action was by Sallie F. Turner against J. D. Turner and Susie B. Turner.    The petition alleged, in substance :    J. W. Turner died intestate, leaving as his heirs at law his widow and four children, one of whom was J. D. Turner.    The widow and the children procured a loan of $1,200 from the plaintiff, to be used with other money in discharging a mortgage of the intestate on certain realty ; the mortgage was transferred to the widow, and she assigned it to the plaintiff as security for the payment of this loan.    It was agreed among the heirs that the amount so advanced should be divided into four parts and borne by all of them. J. D. Turner's part was $316.    The land was divided among the heirs, and J. D. Turner conveyed his part to his wife, Susie B. Turner.    Subsequently he represented to the plaintiff, for whom he was acting as agent, that his wife desired to obtain a loan, that in order to do so it was necessary to obtain a cancellation of the mortgage as to that part of the property, and that in consideration of the cancellation she would pay the plaintiff, from the money to be borrowed, the proportionate amount due the plaintiff by him.    Acting upon this representation, the plaintiff signed a release of the mortgage as to that part of the property, and Susie

B. Turner obtained a loan of $1,250, but failed and refused to pay the amount due the plaintiff. Susie B. Turner received this money with full knowledge of the representation and promise made by her husband. By reason of all these facts J. D. Turner and Susie B. Turner became indebted to the plaintiff in the sum of $316 as principal, with interest from February 15, 1894; for which judgment was prayed. Susie B. Turner answered, denying liability. J. D. Turner did not answer. Both defendants died. Susie B. Turner's administrator was made a party, and the suit proceeded against him alone. The trial resulted in a verdict for the plaintiff. The defendant excepted to the overruling of his motion for a new trial.

*M. B. Eubanks*, for plaintiff in error. *Dean & Dean*, contra.

COBB, J. 1–4. It is an ancient and well-established rule of law, that the declarations of an agent are not admissible against his principal, unless they were made at a time when the agent was engaged in some transaction within the scope of his agency and was acting in behalf of his principal. To state it otherwise, the declaration must be one accompanying an act within the scope of the agency and so nearly connected therewith as to become a part of the res gestæ. Story on Ag. (9th ed.), § 134 et seq.; 1 Gr. Ev. (16th ed.) § 184 c; 2 Evans' Pothier on Obligations (3d Am. ed.), 245; Chamberlayne's Best on Ev. (Int. ed.) 487; 1 Enc. Ev. 538 et seq. Such was the recognized rule in this State at the time the Code of 1863 was adopted. *Griffin* v. *Railroad Co.*, 26 *Ga.* 111; *Sweetwater Mfg. Co.* v. *Glover*, 29 *Ga.* 399; *Atlanta Railroad Co.* v. *Hodnett*, Id. 461. There is also an equally well-established rule, that entries made by one whose duty it is to make them, in the regular course of business, are admissible after his death ; and this rule applies in the case of an agent who makes such entries in the course of the business of his principal. 1 Gr. Ev. (16th ed.) § 120 a; Starkie on Ev. (10th Am. ed.) 492 et seq.; 4 Enc. Ev. 103-104. Such entries may in many cases be a part of the res gestæ; but there are also instances where such would not be the case, but after the death of the agent who made such entries they are nevertheless admissible. There is still another ancient and well-established rule, that declarations against interest by one since deceased are admissible in evidence in a con-

troversy between third persons.    1 Gr. Ev. (16th ed.) § 147 et seq.; 9 Am. & Eng. Enc. L. (2d ed.) 8; 4 Enc. Ev. 87; Starkie on Ev. (10th Am. ed.) 474; Chamberlayne's Best on Ev. (Int. ed.) 453.    This rule is set forth in the code in the following language:    "The declarations and entries of a person, since deceased, against his interest, and not made with a view to pending litigation, are admissible in evidence in any case."    Civil Code, § 5181.    In that section of the code which provides for the admission in evidence of books of account, the rule that the entries of an agent, made in the course of the business, are admissible in evidence after his death, is recognized, it being there provided that the person offering the books of account must show either that he kept no clerk, or else that the clerk is dead or inaccessible, or incompetent as a witness.    Civil Code, § 5182.    The code also declares that the "admissions of an agent or attorney in fact, during the existence and in pursuance of his power, are evidence against the principal."    Civil Code, § 5192.    In another section it is declared:    "The agent is a competent witness for or against his principal.    His interest goes to his credit.    The declarations of the agent as to the business transacted by him are not admissible against his principal, unless they were a part of the negotiation, and constituting the res gestæ, or else the agent be dead."    Civil Code, § 3034.    If this section be isolated and no regard paid to other provisions of the code on the subject of the admission of evidence, and no attention paid to the ancient and well-established rules of law above referred to, which were of force in this State at the time of the adoption of the first code, the concluding words of the section might be held to mean that the mere fact that the agent was dead would be sufficient to admit in evidence against the principal any declaration made by the agent, without reference to the time or place at which or the circumstances under which the declaration was made.    Such a rule would have for its foundation neither principle nor precedent.    When we look at other provisions of the code in reference to the admissibility of evidence, and at what were the well-established rules of evidence at the time the code was adopted, we are forced to the conclusion that no such radical change in the law was intended as such a construction would place upon this section of the code.    It is in this State a well-established rule of code

construction, that a given section will be presumed to be simply a declaration of existing law, unless the language of the section is such as to clearly indicate an intention to establish a new rule. *Mitchell* v. *Ry. Co.*, 111 *Ga.* 760, 768; *Forsyth Mfg. Co.* v. *Castlen*, 112 *Ga.* 199, 205. Of course the words of a section must not be held to be meaningless. The courts have no right by construction to eliminate words which have meaning, simply because the meaning does not agree with the opinion of the court as to what should be the law. Can the words, "or else the agent be dead," be given a meaning and at the same time make the section of the code merely declaratory of existing law? In our opinion this can be done. The first portion of the last sentence of the section was intended to declare the well-settled rule, above referred to, that the declarations of an agent, to be admissible, must be a part of the res gestæ. The concluding words of the sentence, "or else the agent be dead," are to be interpreted in the light of those provisions of the law where the declarations of deceased persons are admitted in evidence, that is, if under established rules the declaration of a deceased person would be admissible in evidence, then under the code such declaration would be none the less admissible because the deceased was occupying the relation of an agent at the time the declaration was made. If the declaration was one made by an entry in the regular course of business but still not a part of the principal transaction, and therefore not admissible as a part of the res gestæ, such declaration would be admissible, if at the time it was offered it was shown that the agent was dead. So if the agent in the regular course of business, but not as a part of the principal transaction so as to be a part of the res gestæ, made a declaration which was against his interest, then the fact that he was an agent would not make an exception to the general rule which admits the declarations against interest of a person since deceased. Giving to the words under interpretation this meaning, the provisions of the code on the subject of the admission of the declarations of an agent harmonize with the general rules of law which are stated in the code, and also with the well-established principles of evidence which were of force at the time the code was adopted. So far as the ruling in *Hines* v. *Poole*, 56 *Ga.* 638, a decision by two Judges, is in conflict with these views, we must decline to follow it.

5. J. E. Dean, Esq., a witness for the plaintiff, was permitted to testify as follows: "In August, 1899, I was riding with Mr. J. Dallas Turner. He and I were on a trip together; and in the course of the conversation he says to me, 'Ed. I am trying to borrow some money for Susie on the property I got from my father's estate, which I have deeded to her. I am trying to borrow twelve hundred or twelve hundred and fifty dollars, and in order to do so it is necessary to get the mortgage which Sallie holds (referring to plaintiff) canceled; and out of the money we borrow we will pay her back the part of that $1,200 that I owe her.'" This evidence was objected to on the ground that there was no evidence showing that J. Dallas Turner was the agent of his wife, the defendant; that it did not appear that the conversation was communicated to the plaintiff or was in the hearing of either party to the case; and that it was immaterial and irrelevant. It appears from the evidence that J. Dallas Turner was dead at the time of the trial. While there is in the record evidence sufficient to authorize a finding that Turner was the agent of his wife, still, for the reasons set forth in the preceding division of this opinion, this evidence would not have been admissible as the declarations of an agent. But we think the testimony was admissible as the declarations of a third party, since deceased, against his interest, made at a time when the litigation could not have been in contemplation. The declarant in terms admits his liability to the plaintiff for a part of $1,200. This is clearly a declaration against interest, and sufficient to render not only this portion of the declaration admissible, but also all that was said at the time relating to any fact which was within the knowledge of the declarant or which it was his duty to know. Declarations admitted under this rule of evidence are, at the trial, to be dealt with as if the witness were on the stand testifying to the facts stated in the declaration. If the declarant were in life and called as a witness, he certainly would be allowed to testify that he and his wife were making arrangements to borrow money to discharge a lien upon the land which he had conveyed to his wife, and that out of the money to be borrowed both the husband and wife intended to discharge the lien upon the land. Whether this testimony would be sufficient to show an assumption on the part of the wife of the amount of the lien upon her land would be a question for the jury under all the

facts and circumstances of the case; but the evidence was clearly admissible under the rule, to be given such weight as the jury saw proper to give it.　See *Massee-Felton Lumber Co.* v. *Sirmans,* 122 *Ga.* 297.

6. W. J. Neel, Esq., was called as a witness for the plaintiff and was permitted to testify to a conversation between J. Dallas Turner and his wife in reference to the payment of the claim of the plaintiff out of money the proceeds of a loan which the witness had negotiated for Mrs. Turner.　He was also permitted to testify to other matters in connection with the negotiation of this loan.　This evidence was objected to on the ground that the relation of attorney and client existed between the witness and the defendant, and that therefore the witness was not competent to testify in reference to any matter knowledge of which he derived on account of the professional relation claimed to exist between the parties.　It appeared that Mr. Neel carried on, in connection with the practice of his profession as an attorney, the business of a negotiator of loans ; that he was authorized by the company which he represented to receive applications for loans ; that these applications were transmitted to the company, and if the security offered was satisfactory the loan would be accepted, and the money would be sent to Mr. Neel, who, after deducting such sums as had been agreed upon between him and the applicant for expenses and commissions, would pay over the net proceeds to the applicant.　It is clear from the testimony that Mr. Neel bore that relation to the applicant and the loan company which has become so familiar to every one in this State.　He was the agent of the applicant, and not the agent of the lender.　But he was expected by the lender, on the acceptance of the application, to see that the applicant had an unincumbered title to the property, and if there were incumbrances it was his duty to see that these incumbrances were removed before any portion of the money was paid over to the applicant.　He owed a duty to the applicant, as agent, to do every act that was legitimate and proper to secure the acceptance of the loan.　In the performance of these duties it would become necessary for him to exercise his knowledge and information as an attorney at law, but he was really not employed as an attorney, but simply as an agent who, on account of the fact that he was also an attorney, might discharge the duty

that was owing to the applicant without calling for the services of another person. Really the duties which he was to perform as an attorney were more for the protection of the lender; and if the relation of attorney and client existed at any stage of the transaction, it would be one rather existing between the attorney and the lender than between the attorney and the applicant. The purpose of the applicant was to secure a loan. The person whom she was seeking was a loan agent, and not an attorney, and Mr. Neel's employment was in the capacity of a loan agent rather than in that of attorney at law. The fact that, in discharging the duty that he owed to the applicant as a loan agent, the performance of a duty which could be fulfilled only by an attorney might to some extent be involved would not make the relation one of attorney and client rather than that of principal and agent. The main employment was to secure a loan, and it was not at all necessary that the agent for this purpose should be an attorney at law. It was merely an incident to the performance of the duties of the loan agent that the knowledge of the law had to be invoked; and while the agent might do that which only an attorney at law could do, incidental to the completion of the purpose for which he was employed as agent, this incident to the agency would not destroy the relation of simple principal and agent and make the relation one of attorney and client. This was the view taken by this court in *Skellie* v. *James,* 81 *Ga.* 419, in which the testimony of Judge Miller, who occupied a relation to the transaction then under investigation similar to that which Mr. Neel occupied in the present case, was held to be admissible. In *Freeman* v. *Brewster,* 93 *Ga.* 652–653, where it was held that the testimony of an attorney at law was not admissible, the case of *Skellie* v. *James* was distinguished, upon the ground that it there appeared that the knowledge of the attorney as to the loan about which he was introduced as a witness was acquired, not as attorney for the borrower, but as attorney for the lender, who was not a party to the case. See also, in this connection, *Jackson* v. *Bennett,* 98 *Ga.* 106 (2); *Stone* v. *Minter,* 111 *Ga.* 45 (1).

7. The charge of the judge contained the rules as to a principal being bound by the ratification of unauthorized acts of his agent, and as to the liability of an undisclosed principal. Error was assigned upon these portions of the charge, upon the ground that

there were no averments in the petition authorizing such instructions. The petition charged in terms that J. D. Turner was the agent of Susie B. Turner in reference to the matters as to which the plaintiff sought to hold her liable; and this allegation could be proved by showing any state of facts which the law would recognize as establishing agency; and as there was evidence tending to establish each of the propositions referred to in the instructions, there was no error in the portions of the charge complained of.

8. The foregoing discussion embraces such of the assignments of error as require any elaborate notice. The plaintiff's case was predicated upon the theory that J. D. Turner was the agent of Susie B. Turner. While there was an allegation that J. D. Turner was insolvent, this was an unnecessary and immaterial allegation, and the failure to sustain it by proof would not cause the plaintiff's case to fail, if the other averments which were material were established to the satisfaction of the jury. The charge, when construed as a whole, fairly submitted to the jury the controlling issues in the case, and those portions which were excepted to were not erroneous for any of the reasons assigned. The requests to charge, so far as legal and pertinent, were covered by the general charge. If there was any error at all in the charge, or in the rulings on evidence, such error was not of sufficient importance to require the granting of a new trial. There was evidence upon which a finding that J. D. Turner was the agent of Susie B. Turner in the transaction involved could properly be based; and this appearing to have been the second verdict in the case, and one which seems to us to be so consistent with the real truth and justice of the case, we do not think there was any sufficient reason, either for the trial judge to grant a new trial, or for us to control whatever discretion he may have had at this stage of the case in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*