### 6605.   Anderson v. Goetzinger, executrix.

Broyles, J.   While, in a suit instituted or defended by the personal representative of a deceased person, the opposite party is not a competent witness to testify in his own favor as to transactions or communications with the deceased person (Civil Code, § 5858, par. 1), and in an action brought by the executrix of a deceased person on a promissory note executed and delivered by the defendant to the deceased, the defendant, under the above-mentioned code section, will not be allowed to testify as to any contract or agreement that he may have had with the deceased as to rendering legal services for the latter, he is a competent witness to show that the consideration thereof inured to the benefit of the estate of the deceased after his death. *Hines* v. *Poole*, 56 *Ga.* 638 (2). In such a case the defendant is also a competent witness to testify as to any services that he may have rendered the estate *since* the death of the deceased, and the value thereof, and as to the acceptance of such services by the executrix of the estate. He should also be allowed an opportunity to prove by other witnesses, and by documentary evidence, that he rendered valuable services, both to the deceased person during his life and to his estate since his death, provided that any documentary evidence introduced which refers to services rendered during the life of the deceased can not be identified or explained in any way by the defendant himself. In this case, for the reasons stated above, the court erred in refusing to allow the defendant to testify as just outlined; or to introduce other witnesses and documentary evidence to prove such facts as were set out and outlined in his exceptions pendente lite, which were duly certified by the court.                    *Judgment reversed.*

Decided February 3, 1916.

Complaint; from city court of Millen—Judge Hill. April 19, 1915.

*A. S. Anderson,* for plaintiff in error. *T. J. Evans,* contra.