15374.  ELDER, administrator, *v.* HEWITT.

STEPHENS, J.  1.  One who had been an agent of a deceased person is not, in a suit to which the representative of the deceased is a party, incompetent, under the exceptions in section 5858 of the Civil Code (1910), to testify to transactions between himself and the deceased. *Jackson* v. *Bennett,* 98 *Ga.* 106 (26 S. E. 53).

2.  One who does not represent the lender and who procures for another a loan of money is the agent for the borrower. *Jackson* v. *Bennett,* supra.

3.  Although an agent to procure a loan of money for the borrower is an attorney at law, such employment does not establish the relationship of attorney and client, so as to render the agent incompetent to testify as to transactions with his principal. *Turner* v. *Turner,* 123 *Ga.* 5 (6) (50 S. E. 969, 107 Am. St. Rep. 76); *Burnside* v. *Terry,* 51 *Ga.* 186.

4.  In an action by the lender against the administrator of a deceased borrower, to collect the loan, such an agent is not incompetent to testify as to such transactions with his deceased principal, although the agent may be the lender's attorney in the suit. *Jackson* v. *Bennett,* supra.

5.  The title to land vested in a creditor of an intestate is not divested by an administrator's sale. *Daniel* v. *Wilson,* 91 *Ga.* 238 (4) (18 S. E. 134).

6.  As against the administrator, who at the time of the administrator's sale of the property had actual notice of the existence of the creditor's claim and also of the deed to the property by the intestate to the creditor to secure the indebtedness, the creditor is not estopped to assert a special lien upon the property in a suit by him against the administrator upon such indebtedness by reason of the creditor's presence at the sale and failing at the time to give notice of his title. *Myrick* v. *Liquid Carbonic Co.,* 137 *Ga.* 154 (73 S. E. 7, 38 L. R. A. (N. S.) 554).

7.  Assuming that neither one of the two witnesses to a deed conveying land is such an officer as is authorized to attest deeds, the deed nevertheless is good as a conveyance of title.

8.  Before a conveyance can be set aside as fraudulent and the vendee's title declared void, the vendee must have been a party to the fraud. Where, in the trial of an issue raised as to fraud, there was no evidence whatsoever tending to connect the vendee with any fraudulent intent on the part of the vendor, evidence offered tending to establish a fraudulent intent by the vendor prior to the execution of the deed, of which the vendee had no knowledge, was properly excluded, since, when taken with the other evidence, it was insufficient to show fraud.

9.  This being a suit by the payee against the administrator of the maker, upon a promissory note secured by deed from the intestate to the plaintiff, and it appearing from the above rulings that the court committed no error in the admission or exclusion of evidence, and that a verdict and

judgment for the plaintiff, establishing a special lien upon the property, was as a matter of law demanded, the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Jenkins. P. J., and Bell, J., concur.*

DECIDED FEBRUARY 11, 1925.

Complaint; from Jackson superior court—Judge Fortson. January 5, 1924.

*Ray & Ray,* for plaintiff in error. *G. A. Johns,* contra.