McCLURE, executor, *v.* COCHRAN, administrator, *et al.*

No. 7016. JANUARY 16, 1930.

*Sam Kimzey* and *A. C. Wheeler,* for plaintiff.

*J. B. Jones, H. W. Kimsey,* and *J. C. & H. E. Edwards,* for defendants.

ATKINSON, J. On August 20, 1920, A. M. Lane executed a warranty deed purporting to convey described land to Ida Lane.

The expressed consideration was "love and affection he has bore towards his wife." The instrument also recited that it was "a deed of gift to house and lots where A. M. Lane now resides." The grantee died in 1923. In the same year the executor, relying upon the deed, instituted complaint for land against the grantor and certain other persons. A. M. Lane filed an answer which, as amended, admitted a prima facie case, but specially attacked the deed as void, because it was without consideration and was obtained by fraud and undue influence. The answer contained prayers for cancellation of the deed and judgment for the defendant. The allegations as to fraud were, that at the time of a ceremonial marriage, in 1913, between the parties to the deed, the grantee represented herself to be a widow, stating to the grantor that her former husband had died several years before, whereas she in fact had a living spouse who was also in life at the date of the deed and survived the grantee; that defendant believed the representations, and did not know that the former spouse was in life until after the death of the grantee; and that at the time of the deed defendant was mentally weak as result of old age and under domination of the grantee, who coerced him into making the deed by threats to leave him. The defendant died while the action was pending, and the administrator of his estate was made a party defendant. A verdict in favor of the defendant was returned. The plaintiff's motion for a new trial was overruled, and he excepted.

■ Certain letters purporting to show that the alleged former spouse of the grantee was still in life after the date of the deed were admitted in evidence over the objection that the execution thereof had not been proved, that the receipt of one of them by the addressee thereof had not been proved, and that they were immaterial and irrelevant to the issues in the case. A witness testified without objection, stating the substance of the testimony of a witness, delivered on a former trial of the case, to the effect that each letter was written by the person by whom it purported to have been signed, one of them being the spouse himself. Another witness testified that the letters were found among the effects of the addressee after her death. The material fact was that the spouse signed the letter, and not that it was received by the addressee. But if it were otherwise, the letters were admissible over the stated objections, when considered in connection with the

other evidence mentioned. The judge did not err in admitting them, nor in the charge with reference to them.

■ The judge did not err, as complained of in the second and tenth grounds of the motion for a new trial, in charging, that if Ida Lane at the time of her ceremonial marriage with A. M. Lane had a living spouse who was in life at the time of her subsequent death, the marriage would be void. *Collins* v. *Collins,* 165 *Ga.* 198 (140 S. E. 501); *Baker* v. *Baker,* 168 *Ga.* 478 (148 S. E. 151).

■ There was no evidence to support the answer setting up fraud so far as based on representations by Ida Lane to A. M. Lane that the former was a widow, and that the latter did not know that her former spouse was in life until after her death. In these circumstances it was erroneous, as complained of in the third, fourth, fifth, eighth, and ninth grounds of the motion for a new trial, to charge that on that theory of the case. This ruling does not conflict with the decision in *Collins* v. *Collins,* supra.

■ There was evidence tending to· show fraud by exercise of undue influence in procurement of the deed, and consequently to authorize the charge: "Fraud may be consummated by signs, or tricks, or any other unfair way used to deceive. Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence. Fraud will authorize a court of equity to annul conveyances, however solemnly executed, and to relieve against awards, judgments, and decrees obtained by imposition."

*Judgment reversed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*