PETERS *et al.* v. ADCOCK *et al.*
DICKINSON, administrator, *v.* LONG *et al.*

Nos. 14514, 14515.  JUNE 10, 1943.

*Roberts & Roberts,* for plaintiffs in error.

J. C. *Knox,* H. C. *Cox,* and *Morgan Belser,* contra.

ATKINSON, Justice. ■ The fifth ground of the motion for new trial complains that the court erred in excluding from the jury a letter dated March 20, 1925, from F. V. Paradise to Long, which stated in part: "As I wired you, I was successful in buying the [fi. fa.] from Cooper for $75.00. . . The [fi. fa.] with the transfer written on it signed 'State Bank of Waycross, by L. J. Cooper, President,' is enclosed to you herewith." After referring to Paradise's half interest in the fi. fa., and giving directions as to how

Long should proceed, the letter concluded: "The lawyer we have in Monroe is . ."

The sixth ground complains that the court erred in rejecting from evidence a paper dated May 26, 1925, produced under notice served on Long's attorneys, in which Paradise purported to transfer to Long his half interest in the State Bank fi. fa. This paper also conveyed to Long all of Paradise's interest in other judgments against Myers that they were "interested in jointly."

The notices of levy given in connection with the executions levied on April 4, 1921, including the one in favor of the State Bank of Waycross, showed the name of Paradise as one of the attorneys for plaintiffs in fi. fa. The letter of March 20, 1925, came from the files of Long after his death, and was produced under notice served on his attorneys. The letter and paper had reference to transfer of the same fi. fa., and tended to show that Paradise and Long were jointly interested in the fi. fa., by virtue of which Long caused the sheriff to sell the land in 1926. In the circumstances the letter and paper were admissible as tending to support Myers' contention that the transfer of the fi. fa. in favor of the State Bank of Waycross was fraudulently made to Long in 1925, and dated back, instead of being made in 1921 as shown on the purported transfer. *Continental Fertilizer Co.* v. *Madden,* 140 *Ga.* 39 (2) (78 S. E. 460); *McClure* v. *Cochran,* 169 *Ga.* 741 (151 S. E. 495).

■ The seventh ground complains that the court erred in refusing to allow one of movants' attorneys to testify, that he searched the records of the city court of Waycross and the minutes of that court and of the superior court of Ware County, the execution dockets of both courts, and the execution dockets of the county; that he found one fi. fa. on record, being the one in evidence in this case; that he did not find any other fi. fa. in favor of the State Bank of Waycross against Myers; and that he found no record of the affidavits of illegality, or any action taken thereon in either court. This testimony was admissible as tending to show that the fi. fa. transferred by L. J. Cooper was the only one held by the State Bank of Waycross against Myers; and it should not have been excluded on the ground that "there is higher and better evidence of what the records from the city court and the superior court of Ware County might or might not show." *Greer* v. *Fergerson,* 104 *Ga.* 552 (2) (30 S. E. 943); *Martin* v. *Bank of Leesburg,* 137 *Ga.* 285 (6) (73 S. E. 387).

■ The eighth ground complains that the court erred in refusing to admit in evidence a contract and duly recorded security deed to the land in question, which Myers in his equitable petition alleged had been given in settlement of the three fi. fas. levied on his land in 1921. The contract was signed by Myers, and it was alleged to have been fully performed on his part when he gave a security deed conveying the land in question, together with notes, all of which Myers claimed to have paid by deeding certain property in Waycross. *Robson* v. *Weil,* 142 *Ga.* 429 (83 S. E. 207). The answer of Long in the equitable case did not specifically deny that such contract and security deed had been given by Myers, but did deny that such settlement would be binding upon him. According to Myers' theory of the equitable case, he gave in 1923 a deed to secure debt together with notes to the three original judgment creditors who held fi. fas. against him, which notes were fully paid in 1924 by executing a warranty deed conveying land in Waycross to the original judgment creditors, the last deed being accepted in full satisfaction of all the fi. fas., the security deed, and the notes, but that one of the fi. fas., namely the one originally held by the State Bank of Waycross, was not delivered to him, but was fraudulently transferred to Long by Paradise in 1925, after the above-mentioned settlement of the three executions, and dated back so as to make the purported transfer of this fi. fa. appear to have been made in 1921 before the settlement. Long proceeded on the theory that he, as transferee, was the lawful holder of the State Bank execution by virtue of an alleged transfer in 1921, and therefore the original holder had no right to enter into a settlement with Myers in 1923, thus making a disputed issue as to whether the transfer was made in 1921 as contended by Long, or in 1925 as contended by Myers. Under the contention of Myers that the purported acquisition of the fi. fa. by Long in 1921 was fraudulent, the contract and recorded security deed were admissible as tending to show the fi. fa. had not been transferred at the time the contract and security deed were executed in 1923, over the objections, (1) that the contract was unilateral; (2) the particular fi. fa. was not identified in the contract; (3) the fi. fa. showed on its face that it was transferred to Long before the alleged settlement of March 27, 1923; and (4) that there was no proper proof of execution of the contract.

As to the fourth objection, proof of the execution of the contract

was not necessary; and the ruling in *Baker* v. *Massengale, 83 Ga.* 137, 142 (10 S. E. 347), is not controlling, because in that case the instrument tendered was the .basis of the proceeding. In the instant case it was not necessary to produce the subscribing witness, as the evidence was only incidental or collateral to the main issue, and came under the exemption as stated in the Code, § 38-706. See *Prescott* v. *Fletcher, 133 Ga.* 404 (3) (65 S. E. 877). There was no objection to the admission of the deed, but it was asserted that the deed, standing alone, did not show that it was given to secure the payment of any fi. fa.; and that the contract, although referring to the settlement of "executions," did not specify that the deed was to be given in settlement of this particular fi. fa. While this is true, other evidence was offered, tending to illustrate that the deed and contract were executed in settlement of this fi. fa. The letter from Paradise to Long, and the assignment of the fi. fa. from Paradise to Long, referred to in the first division of this opinion, the letter from Paradise to Bennett, referred to above, and the testimony of one of the attorneys in reference to searching the records at Waycross, referred to above, all were circumstances indicating that this fi. fa. was part of the consideration of the deed. Taken by themselves, neither of these instances was sufficient to establish this fact; but taken as a whole, they furnished sufficient evidence to authorize the admission of the deed and contract, and to permit the jury to say, from such evidence, whether the deed was given in settlement of this fi. fa. The contract was a declaration against his interest, as it admitted his liability under all the fi. fas., and at the time of this trial he was dead, or presumed to be so under the law. The Code, § 38-309, declares: "The declarations and entries by a person, since deceased, against his interest, and not made with a view to pending litigation, shall be admissible in evidence in any case." See *Gaines* v. *Gaines, 39 Ga.* 68; *Elwell* v. *New England Mortgage Security Co., 101 Ga.* 496 (28 S. E. 833); *Massee-Felton Lumber Co.* v. *Sirmans, 122 Ga.* 297 (50 S. E. 92); *Turner* v. *Turner, 123 Ga.* 5 (3) (50 S. E. 969, 107 Am. St. R. 76).

■ The ninth ground complains that the court erred in rejecting from evidence a letter dated July 1, 1924, from Paradise to John W. Bennett, asking if Myers had executed the deed sent to him by the three original judgment creditors in connection with

the contract and security deed referred to in the preceding division, and stating therein that he had the fi. fa. in question at that time. As already indicated, the administrator of Myers claimed that Paradise was jointly interested with Long and transferred his alleged half interest in the State Bank fi. fa. to Long on March 20, 1925, and the notices of levy given in 1921 showed his name as one of the attorneys of record on all three of the fi. fas. The letter was admissible as tending to establish the date of the transfer of the fi. fa., and to show that the execution by Myers of a warranty deed conveying property in Waycross was to be accepted in satisfaction of the security deed, the notes mentioned therein, and the three original fi. fas. *Gillen* v. *Coconut Grove Bank & Trust Co.,* 172 *Ga.* 908 (2) (159 S. E. 282).

■ The tenth ground complains of the refusal to admit in evidence a letter addressed to the attorney for the administrator of Myers, dated December 1, 1926, from John W. Bennett, one of the plaintiffs in fi. fa., and one of the grantees in the deed Myers gave in settlement of the three fi. fas. mentioned in the preceding divisions. In this ground it is certified that this letter was received "in response for information asked for by both sides in the original suit of Myers against Long, and the same letter [was] received by E. W. Roberts, attorney for Long, and Orrin Roberts, attorney for Myers." Without more than is contained in the foregoing statement, the letter was not admissible. The Code, § 38-405 provides: "The admissions by third persons, strangers to the suit, shall be received in evidence: 1. When a party refers another to such third person for information." Nothing contained in the motion shows that the party tendering this evidence had been referred to the writer of the letter by the opposite party.

■ The fourth and eleventh grounds complain that the court erred in directing the verdict. The date of the transfer of the fi. fa. in question was the principal issue involved in this case. A witness testified that the transfer dated April 15, 1921, was not on this fi. fa. on the first Tuesday in May, 1921. This evidence, taken in conjunction with the evidence which was improperly excluded, and referred to under the first, second, third, and fourth divisions of this opinion, was sufficient to have been submitted to a jury for the determination of this question.

As a new trial will be granted, it is not necessary to pass upon

126

the question whether the contract of Peters to purchase the land was too indefinite to be enforced.

*Judgments reversed. All the Justices concur.*