63487. GRANT v. BELL et al.

DECIDED MARCH 11, 1982 —
REHEARING DENIED MARCH 31, 1982.

*Tom Benham, Janie F. Duncan,* for appellant.
*Robert H. Herndon, James E. Peugh,* for appellees.

DEEN, Presiding Judge.

1. Appellants urge that certain testimony of Frank Bell regarding an agreement among the sisters that he retain and invest certain of the proceeds of timber sales, and that the sum left in his hands eventually go to the remaindermen, should have been stricken as hearsay. As pointed out by the trial judge, the testimony was not objected to when offered and the point was raised only on the motion for directed verdict. It is true that hearsay has no probative value, whether objected to or not. *Stow v. Hargrove,* 203 Ga. 735 (6) (48 SE2d 454) (1948).

We do not, however, find Bell's testimony subject to being stricken on that account. He and his wife as the named co-executors

were in an agency position so that the knowledge of one was the knowledge of both. Agreements of Mrs. Bell and the other sisters as tenants in common are supported both by direct testimony of Bell and by the circumstantial evidence that the policy was continued for a period of around 20 years. If Bell's testimony that some of the conversations were held among the sisters conflicts with other testimony that the agreements resulted from conversations and direct contacts between him and the three sisters, the issue would be one of credibility for jury determination.

2. It is further contended that Bell's testimony should have been excluded under the Dead-Man Statute (Code § 38-1603 as it existed prior to the abolition of this legal inhibition in 1977). However, Bell, a defendant, in portioning out the proceeds of the timbers also was representing and was the agent for both the deceased plaintiff and her defendant sisters, also deceased at the time of trial. One who is acting as agent for both parties was not inhibited from offering testimony in favor of one of them. *Whiddon v. Hall,* 155 Ga. 570 (1) (118 SE 347) (1923). It has also been held that one who was formerly the agent of a deceased party was not for that reason incompetent to testify in a suit brought by the representative of the opposite party to the transaction. *Elder v. Hewitt,* 33 Ga. App. 410 (126 SE 848) (1924). Mrs. Bell as a co-executor had equal authority with her husband to arrive at agreements concerning the representation of the estate, and as one of the life tenants she had an interest equal to that of the plaintiff in a proper disbursement of the funds. We find no reversible error in allowing the testimony of Bell, the legal effect of which was that income not distributed was held and reinvested for the benefit of the estate.

Lastly, the stricture of former Code § 38-1603 (1) applied only to an opposite party testifying *in his own favor.* It is clear from the record that if the appellant prevailed the legal result would be that the fund in question would necessarily be divided equally among the three daughters of the testatrix or their heirs. There is some indication that Mrs. Beauregard's estate was to have been divided between the two remaining sisters, and Bell was the heir of his deceased wife, one of the sisters. The thrust of Bell's testimony was that the invested funds inured to the benefit of the estate and therefore to the grandchildren, whereas under the plaintiff's contentions it appears that from one third to one half the fund would have become his personal property upon his wife's death. For this additional reason the motion to exclude his testimony was properly denied.

3. On cross examination of the defendant Bell, counsel for the plaintiff asked a question and asked the court to instruct the witness

not to repeat any hearsay. The trial judge then stated that the question was proper, defendant had a right to answer, and "I'm sure he knows that anything he doesn't know of his own personal knowledge . . . he ought not to relate." Counsel for a co-defendant then objected to the question on the ground of irrelevance and the court, while reiterating that the subject could be gone into, said, "Let's limit it to the party that the personal representative represents." It is not clear that this statement prevented the witness from answering the question in view of the fact that the judge had just stated three times that the defendant could answer. If counsel wished to insist on an answer he should have requested further instructions at that point.

4. Objection is made to the fact that the court "charged the jury as to the law of contracts," it being contended that the alleged agreements between the heirs were not contracts. We disagree. "A promise of another is a good consideration for a promise." Code § 20-304. It was proper to state the defendants' main defense, which was that the sisters "during their lifetime agreed" to the sale of the timber and allocation of the proceeds as testified to by the defendant Bell.

5. Rulings of the Supreme Court and Court of Appeals in a case are binding in all subsequent proceedings in that case, whether in the appellate or trial court. Code § 81A-160 (h); *Genins v. Geiger,* 149 Ga. App. 526 (254 SE2d 913) (1979). We have examined the briefs of evidence in detail in order to compare the present trial with that of the previous appeals and are satisfied that, although the transcript of evidence here is somewhat expanded, the testimony is substantially identical. *Grant v. Bell,* 246 Ga. 371, supra, held that although the testatrix intended agreements of the life tenants to be in writing, a waiver as a matter of law resulted if they did in fact unanimously agree that timber should be cut and sold, that the sale was executed and full payment made or if, after the sale, it was ratified by the life tenants. The decision then stated: "The evidence demonstrates waiver." Under the same evidence it is obvious that a jury verdict in favor of the defendants was on this point proper. The other issue was whether Bell properly left in the estate the surplus after the partial distributions, farm expenses, taxes and building had been paid for, this amount to be added to the corpus for the benefit of the remaindermen. The prior appeals did not deal with this part of the agreement. It is clear, however, that if the agreement as to the cutting and sale of timber was the subject of agreement among the sisters so as to constitute a waiver of certain provisions of the will, then the remaining element of the agreement (the ultimate destination of the reserve fund) which was allegedly a part of the same agreement and

which was established by similar testimony, would also constitute a waiver if believed by the jury. The verdict in favor of the defendants settles this question once and for all.

*Judgment affirmed. Sognier and Pope, JJ., concur.*