PIGFORD *v.* LADNER *et al.**

(Division A. April 18, 1927. Suggestion of Error Overruled June 6, 1927.)

[112 So. 785. No. 26425.]

MARRIAGE. *Presumption of divorce and validity of woman's second marriage held not overcome by court records of counties of her residence only (Hemingway's Code, section 1419).*

To overcome presumption of a prior divorce in favor of validity of ceremonial marriage, where the woman had previously been mar-

ried to a man living at time of her second marriage—-in view of Code 1906, section 1677 (Hemingway's Code, section 1419), providing where bill for divorce must or may be filed—in the absence of proof that the man was a nonresident, or was absent, so that process could not be served on him, it was necessary to show his residence between the separation and second marriage, and that no divorce was granted in any county where he then resided or could be found; and proof of no divorce in the counties of her residence was insufficient.

*Corpus Juris-Cyc. References: Divorce, 19CJ, p. 34, n. 33; p. 35, n. 35, 36; Marriage, 38CJ, p. 1325, n. 70; p. 1326, n. 71, 72, 73, 74; p. 1328, n. 86; p. 1329, n. 87, 88, 89; p. 1330, n. 91; As to presumptions flowing from marriage, see annotation in 16 L. R. A. (N. S.) 98; 34 L. R. A. (N. S.) 940; L. R. A. 1915E, 187; 34 A. L. R. 464; 18 R. C. L. 816, 818; 3 R. C. L. Supp. 811; 6 R. C. L. Supp. pp. 1065, 1066.

APPEAL from chancery court of Pearl River county. HON. GEORGE W. CURRIE, Special Chancellor.

Suit by Horace E. Ladner and others against A. A. Pigford. Decree for complainants, and defendant and cross-complainant appeals. Affirmed.

*Mayson & Kelly,* and *Wells, Stevens & Jones,* for appellant.

I. There was no presumption of death. Cunningham was known to be living in 1888 and lived at Walters' place near Sandersville in 1885. Moreover, in 1900 he instituted a suit for divorce himself. Dearman told Mrs. Cunningham in the fall of 1886 that he had seen Cunningham. If there ever was a presumption of death at any time, it was overthrown by the positive testimony of the witnesses, many of whom testified on behalf of the appellees. We, therefore, submit that the appellees cannot invoke the provisions of section 648, Code of 1880, section 1737, Code of 1891, section 1914, Code of 1906, section 1574, Hemingway's Code.

II.  Mrs. Cunningham having a living husband, her marriage to Jonathan Ladner was unlawful and void. Section 1156, Code of 1880.

III.  Did Cunningham conceal himself in the state? The learned chancellor found that it did not appear that his wife actually knew that Cunningham boarded at Walters', near Laurel, in 1885, 1886 and 1887 or that he lived with his sister and her husband, Mr. and Mrs. E. A. Woulard, at Sandersville, and that was in effect concealing himself in the state.

He was not concealing himself and before the death presumption statute could be indulged, there must be evidence of diligent inquiry at the place of the person's last residence in this country and among his relatives and among others who would probably have heard of him if living.  2 Greenleaf on Evidence, 278f; *Policeman's Benevolent Ass'n* v. *Ryce,* 104 A. S. R. 190, 213 Ill. 9, 72 N. E. 764; *Miller* v. *Sov. Camp Woodmen of the World,* 28 L. R. A. (N. S.) 178; *Modern Woodmen* v. *Gordon,* 2 L. R. A. (N. S.) 809.

IV.  The ceremonial marriage of the parties in 1891 does not help the appellees' cause any.  Code of 1880, section 1156.

The parties must be able to contract: *Carson* v. *Carson,* 40 Miss. 349; *Rundle* v. *Pegran,* 49 Miss. 751; *Blanks* v. *So. Ry. Co.,* 82 Miss. 703, 35 So. 570.; *Clark* v. *Clark,* 115 Miss. 726, 76 So. 638; *Thompson* v. *Clay,* 120 Miss. 190, 82 So. 1; 26 Cyc. 836; *Smart* v. *Whaley,* 6 S. & M. 308.

If a marriage is unlawful at its inception, it continues to be so: *Blanks* v. *So. Ry. Co.,* 82 Miss. 703, 35 So. 570.

If it be suggested that section 1156 was omitted from the subsequent codes, still the rule is that the marriage under consideration could not be legalized by the repeal of a prohibitory statute: 26 Cyc. 869; *Richards* v. *City Lbr. Co.,* 101 Miss. 678, 57 So. 977; 8 Cyc. 1022; 26 Cyc. 865-68.

An act void cannot be made valid by matter subsequent: *Harris* v. *McKissick,* 34 Miss. 464; 26 Cyc. 867; *Anding* v. *Levy,* 57 Miss. 51; *Blanks* v. *So. Ry. Co.,* 82 Miss. 703, 35 So. 570.

V. There was no common-law marriage and if there was, it was not retroactive. *Thompson* v. *Clay,* 120 Miss. 190, 82 So. 1; 26 Cyc. 836.

VI. Certificates showed that Mrs. Ladner never obtained a divorce. We have shown by certificates from the clerks of the chancery court of Jasper, Jones, Wayne, Marion and Lamar counties that neither Mrs. Cunningham nor Mr. Cunningham ever instituted a divorce proceeding against the other in any of those counties between the years 1880 and 1901. These certificates were introduced in evidence without objection, but the court in its findings of fact decided that they were not broad enough because: "A suit might have been instituted under an assumed name and culminated in a divorce; or that there might have been a proceeding which did not appear of record." Answering the first reason, we say that if either obtained a divorce from the other under an assumed name, it would be void because it would be a fraud on the jurisdiction of the court. As to the other reason: Courts of record can speak only through their records and if there is no record of any proceeding, such imaginary or supposed proceeding does not exist. *Thompson* v. *Clay,* 120 Miss. 190, 82 So. 1.

VII. Appellant's proof in this trial obviates the objections pointed out by this court in the first reversal.

*Wm. A. Shipman,* for appellees.

There is only one material issue presented by this appeal: The legitimacy *vel non,* of the appellees. If the facts and circumstances, aided by the presumptions of law, establish the legitimacy of the appellees, then it nec-

essarily follows that the court below correctly decided the case.

I. *Ceremonial Marriage.* I believe the ceremonial marriage celebrated August 2, 1891, between the parents of appellees to be valid. The presumption is that a divorce was obtained by one or the other of the spouses before Mrs. Cunningham contracted the marriage with Jonathan Ladner. From the time of the separation to the date of the marriage with Ladner was almost ten years. During all that time the places of residence of the wife are fully shown by the evidence; two years with her father's family in Jasper county and nearly six years with them in Purvis, Lamar county, then a part of Marion county. No record of any divorce suit that might have been filed by her in the counties in which she resided can be shown. It does not follow, however, that she did not file such a suit, for it may well be that such a suit could have been filed in a county where Cunningham was found at some time in the period between March, 1882, and August, 1891. The finding of fact by the chancellor is that "E. M. Cunningham, at some time after he separated from his wife in 1882, went to Sandersville in Jones county, where he boarded with his sister, Mrs. E. A. Woulard and her husband, but it is not certain what years they were."

From March, 1882, to the spring of 1885, three years, nobody appears to have known of the whereabouts of E. M. Cunningham. No news was received of him after January or February of 1886, until he apparently returned from Dallas, Texas, and instituted the divorce proceedings in the latter part of 1900, a period of fourteen years or more. Surely, Mrs. Cunningham had ample time and opportunity to have secured a divorce. The burden of proving that she did not do so is upon the appellant, and he utterly failed. The fact that a short time before her marriage to Ladner the mother of appellees received news of the death of her first husband, which it is fully shown she believed, does not even tend to weak-

en this presumption. The general rule is stated in 38 C. J. 1328-30, notes 86-93 and authorities there cited. This court is in absolute accord with the general rule. See: *Hull* v. *Rawls,* 27 Miss. 471; *Spears* v. *Burton,* 31 Miss. 547; *A. & V. Ry. Co.* v. *Beardsley,* 79 Miss. 417, 30 So. 660; *Aldridge* v. *Aldridge,* 116 Miss. 385, 77 So. 150; *Hickman* v. *Hickman,* 126 Miss. 469, 89 So. 6; *McAllum* v. *Spinks,* 129 Miss. 237, 91 So. 694; *Ladner* v. *Pigford,* 103 So. 218.

It does not necessarily follow, nor is it reasonable to infer that during the three years immediately following his abandonment of his wife in 1882, that Cunningham remained in Wayne county, or that he was in Jones, Jasper, Marion, Lamar, or Pearl River counties; nor can it be presumed that after his second submergence in February, 1886, until his reappearance in December, 1900, that he was residing in any one or all of those counties. Ample was the time for either party to have secured a divorce elsewhere than in any one of said counties.

"In order to sustain the validity of a second marriage, the law will presume a divorce from a former spouse." *A. & V. Ry. Co.* v. *Beardsley,* 79 Miss. 417, 30 So. 660, citing *Goodwin* v. *State,* 72 Ind. 113, 37 Am. Rep. 144; *Boulder* v. *McIntyre,* 119 Ind. 574, 21 N. E. 445; *Hull* v. *Rawls,* 27 Miss. 471; *Spears* v. *Ruston,* 31 Miss. 547; *Ry. Co.* v. *Beardsley,* 79 Miss. 417, 30 So. 660; *Colored Knights of Pythias* v. *Tucker,* 46 So. 51; *Sullivan* v. *Grand Lodge* (Miss.), 52 So. 360; *Howard* v. *Kelly* (Miss.), 71 So. 391; *Allen* v. *McIntosh Lbr. Co.* (Miss.), 77 So. 909; *Hickman* v. *Hickman* (Miss.), 89 So. 6; *McAllum* v. *Spinks,* 91 So. 694; *Ladner* v. *Pigford,* 103 So. 218; 18 R. C. L., section 39, page 416; *Blanchard* v. *Lambert,* 43 Iowa 228; *Carroll* v. *Carroll,* 120 Tex. 731; *Pittenger* v. *Pittenger,* 28 Colo. 308, 89 A. S. R. 193; *Smith* v. *Tuller* (Iowa), 16 L. R. A. (N. S.) 98; and many other cases.

The presumption that before her ceremonial marriage on August 2, 1891, the mother of the appellees procured a divorce from her first husband is equivalent to the

testimony of a competent, truthful, intelligent and fully informed witness, testifying to the fact that such a divorce was in fact obtained. The burden of overcoming this presumption, or evidence, is upon the party asserting the invalidity of the second marriage. Has the appellant met and overcome this presumption by his proof? We say no.

Cook, J., delivered the opinion of the court.

This is a suit for the partition of certain lands which were owned by Jonathan Ladner, deceased, at the time of his death. The appellees are children of a second marriage of Jonathan Ladner, and the appellant claims by purchase from the children of Ladner by his first marriage, and the issue presented by the pleadings is whether or not the second marriage of Jonathan Ladner was valid. This case was before this court at the March, 1925, term, on appeal from a decree dismissing the complainants' bill, rendered on bill, answer, cross-bill, and proof, and the decree was reversed and the cause remanded, the ground of the reversal being the failure of the proof to show the invalidity of Ladner's second marriage. The opinion on the first appeal is reported in 138 Miss. 461, 103 So. 218, and the substance of the pleadings is there fully set forth. When the cause came on to be again heard in the court below, the complainants requested the court below to render a decree in accordance with the opinion of this court without the hearing of further testimony, which request, over the objection of the defendant and cross-complainant, was granted, and decree was rendered granting the partition prayed for in the bill of complaint, and from this decree an appeal was prosecuted to this court, and the cause was again reversed (142 Miss. 435, 107 So. 658), the court holding that:

"When the decree of a chancery court, rendered on bill, answer, and proof, is reversed and remanded generally, it must be tried *de novo,* and such decree should

be then rendered as the pleadings and the evidence then require.''

When the cause came on for trial the third time in the court below, practically the same evidence as was offered at the first trial was again introduced, and, in addition thereto, there were introduced the certificates of the chancery clerks of Wayne, Jasper, Jones, Marion, and Lamar counties, to the effect that the records of the chancery courts of their respective counties do not contain any record of a divorce proceeding between E. M. Cunningham and Mrs. Ellen Cunningham, the mother of the appellees in the case at bar. Upon the proof the chancellor found that Jonathan Ladner and Mrs. Ellen Cunningham, formerly Ellen Purvis, contracted a ceremonial marriage at Purvis, Miss., on August 2, 1891; that Ellen Cunningham, formerly Ellen Purvis, married E. M. Cunningham in Jasper county, about 1876; that they lived and cohabited together as man and wife until some time about the year 1882, when they left their home in Wayne county, Miss.; that thereupon E. M. Cunningham carried Ellen Cunningham, his wife, to her father's home in Jasper county, Miss., where she resided until the year 1884, when she moved, with her father, to Purvis, Miss. where she resided when she married Jonathan Ladner on August 2, 1891. The proof shows that, at some time after he separated from his wife in 1882, E. M. Cunningham was engaged in the stave business at Sandersville, in Jones county, Miss., but it does now show how long he was so engaged. It also shows that from the spring of 1885 until February, 1886, he boarded at the home of a Mr. Walters, near Laurel, Miss. After the year 1886, and until long after the marriage of Jonathan Ladner and Mrs. Ellen Cunningham, the whereabouts of E. M. Cunningham are not accounted for in the proof.

In the opinion rendered on the first appeal of this cause (*Ladner* v. *Pigford,* 138 Miss. 461, 103 So. 218), it was held that:

''Where a marriage is contracted ceremonially, every reasonable presumption will be indulged in favor of its validity.''

And:

''The court will presume a divorce in favor of the validity of the marriage where there was a former marriage existing where there is no proof showing that a divorce was not obtained.''

It was also there held that the burden of proof was upon the cross-complainant in this cause to establish the fact that no divorce was, in fact, granted to either of the contracting parties prior to the subsequent marriage of Mrs. Ellen Cunningham.

Under the provisions of section 1677, Code of 1906 (section 1419, Hemingway's Code), a bill for divorce must be filed in the county in which the complainant resides, if the defendant be a nonresident of this state, or be absent, so that process cannot be served. The proof in the case at bar wholly fails to show that, prior to 1891, E. M. Cunningham was a nonresident of this state, or was absent, so that process could not be served on him, and consequently proof that no divorce was granted to Mrs. Cunningham in the county or counties where she resided prior to her second marriage was insufficient to overcome the presumption of a divorce. Section 1677, Code of 1906 (section 1419, Hemingway's Code) further provides that, if the defendant be a resident of this state, the bill for a divorce must be filed in the county in which such defendant resides, or may be found at the time, or in the county of the residence of the parties at the time of separation, if the complainant be still a resident of such county when the suit is filed. The proof in this cause shows that for about seven years prior to her second marriage, Mrs. Cunningham did not reside in the county where the separation from E. M. Cunningham occurred, and consequently she could not, during that time, maintain a bill for divorce in that county unless the defendant, E. M. Cunningham, was still a resident of that county.

She could, however, have maintained a bill for divorce in any county of the state where E. M. Cunningham resided or might be found at the time. To meet the burden of proof required to overcome the presumption that these parties were divorced, in the absence of proof that Cunningham was a nonresident of the state, or was absent so that process could not be served on him, it was necessary for the cross-complainant to also show the place of Cunningham's residence during the period intervening between the separation and the second marriage, and that no divorce was granted in any county where he resided or might be found at the time. The proof wholly fails to meet this requirement, and consequently this presumption that these parties were divorced must prevail.

The decree of the court below will therefore be affirmed.

*Affirmed.*