BOURLAND *v.* HATCHCOCK *et al.*

(Division A. April 17, 1939.)

[188 So. 9. No. 33670.]

I. L. Sheffield, of Fulton, for appellants.

Paine & Paine, of Aberdeen, for appellants.

**Leftwich & Tubb,** of Aberdeen, for appellees:

**Smith, C. J.**, delivered the opinion of the court.

In 1934 the appellant, in Monroe County, where he resides, married Mrs. Lodell Pickle and lived with her in the relation of husband and wife until December, 1935, when Mrs. Bourland died intestate, seized and possessed of land and personal property. Mrs. Bourland left no children or descendents of children, but was survived by several brothers and sisters and descendants of brothers or sisters. This is a proceeding begun by Mrs. Bourland's brothers and sisters, and the descendants of deceased's brothers or sisters, against the appellant to determine the right of succession to the property left by Mrs. Bourland. The complainants' claim to this property rests on an allegation that the marriage between Bourland and Mrs. Pickle was void for the reason that Bourland had formerly married Dorothy Hunt, who was still living, which marriage had not been dissolved by decree of divorce. The marriage between the appellant

and Mrs. Pickle is presumed, prima facie, to be valid, and the burden rests upon those who here challenge its validity to prove that Bourland had, at the time he married Mrs. Pickle, a wife by a former marriage, who is still living and from whom he has not been divorced. In order to meet this burden they proved that a short time prior to October 27, 1929, the appellant was in Memphis, Tennessee, where he met Mrs. Dorothy Hunt, who there resided, and on October 27th was legally married to her in Crittenden County, Arkansas. They immediately returned to Memphis, and Dorothy Hunt Bourland is still living and resides in Memphis; that a few days after this marriage the appellant returned to his home in Monroe County, Mississippi, leaving his wife in Memphis. Why she did not accompany him does not appear. Shortly thereafter Dorothy came to the appellant's home in Monroe County, Mississippi, cohabited with him a few days, when he again left her and went into another county to obtain work. Shortly thereafter he again met Dorothy, who seems to have asked him for money for her support, which he did not give her, resulting in the institution by her of a suit against the appellant, whether for a divorce and alimony, or for alimony alone, does not appear. The appellant satisfied Dorothy's demands in some way, resulting in the suit, instituted by her, being dismissed. Dorothy returned to Memphis and has continued to reside there. The appellant has received no communication whatever from her, but shortly before he married Mrs. Lodell Pickle, he was advised that Dorothy had married another man. He admits that no divorce was granted in Mississippi dissolving his marriage.

Dorothy belongs to the underworld criminal element, and had been several times divorced before she married the appellant. She has resided in Memphis since marrying the appellant. The only evidence of any absence by her from Memphis being that of a Memphis police officer, who said that while he knew that she had continuously resided in Memphis since 1929, he did not

see her at all times, ''but if she has lived out of Memphis since 1929, she has only lived outside of Memphis for very short periods''. The records of Shelby County, Tennessee, in which Memphis is situated, do not disclose that any divorce has been granted to Dorothy from Bourland.

On this evidence the court below held that the bonds of matrimony between the appellant and Dorothy Hunt Bourland had not been dissolved, that the appellant's marriage to Mrs. Lodell Pickle was void, and awarded the property to the complainants, the appellees here.

The appellant having admitted that no divorce had been granted in Mississippi dissolving his marriage with Dorothy, the question thus presented is the sufficiency vel non of the evidence to negative the fact that Dorothy may have obtained a divorce from the appellant at a place other than Shelby County, Tennessee. No burden rested on the complainants to prove that Dorothy could not have obtained a divorce at a place other than Shelby County, Tennessee, but only that it was reasonably certain that she did not do so.

In Sullivan v. Grand Lodge, K. P., of Mississippi, 97 Miss. 218, 52 So. 360, the validity of a second marriage was challenged on the ground that the wife had a living husband of a former marriage. The evidence disclosed that the former marriage was contracted in Washington County, Mississippi; that thereafter the parties thereto resided in Washington, Sharkey, and Warren Counties, and that no divorce was granted to either of them in any of these counties. The Court held that this was sufficient evidence to negative the existence of such a divorce. Colored Knights of Pythias v. Tucker, 92 Miss. 501, 46 So. 51; and Thompson v. Clay, 120 Miss. 190, 82 So. 1, are to the same effect. It follows from these decisions that proof of Dorothy's residence in Shelby County and that no divorce from the appellant was there granted her was sufficient to justify the court below in holding that no such divorce existed in the absence of

proof that she was away from Shelby County and in another jurisdiction for a sufficient length of time to have enabled her to have there obtained a divorce. Schmisseur et al. v. Beatrie et al., 147 Ill. 210, 35 N. E. 525; In re Estate of Colton, 129 Iowa 542, 105 N. W. 1008.

The only evidence as to whether Dorothy had been absent from Shelby County was that of a witness, who said that he had heard that Dorothy spent ''a while'' in Illinois, that he did not know ''where she was residing during the periods of time I did not see her'' and that ''if she has lived out of Memphis since 1929, she has only lived outside of Memphis for very short periods''. It will be observed that this witness did not testify of his own knowledge that Dorothy was absent from Shelby County at any time, but only that he had heard that she had spent a while in Illinois. Even if he had stated this fact of his own knowledge, it would have been insufficient to prove absence for a period of time sufficient for the obtaining of a divorce. His negative testimony that if she had been away it could only have been for very short periods strengthens the conclusion · we have reached, but, if he had said that she had in fact been absent for very short periods, it would still have been insufficient to show that she had been absent for a long enough period to obtain a divorce.

That Dorothy had obtained no decree of divorce in Shelby County was proven by two witnesses: (1) an attorney at law, who testified that he carefully and more than once examined the judicial records of Shelby County and no such divorce appeared thereon; and (2) the manager of the Bluff City Abstract Company, of Shelby County, Tennessee, who said that his company kept a complete daily record of all divorces granted in Shelby County, and that this record does not disclose that Dorothy was divorced from the appellant. The competency of both of these witnesses is challenged; the contention of the appellant being that this proof should have been

made by the custodian of the judicial records, in which decrees of divorce should appear. The custodian of the record, of course, would have been a competent witness, but according to 22 C. J. 1006, the majority of the courts that have dealt with the question hold that any competent person, who shows a sufficient knowledge of such records, may testify that a particular fact does not appear therefrom. With this holding we concur. It is difficult to perceive how the evidence of the custodian of these judicial records would have been here of any greater value than that of this attorney at law. The evidence of the manager of the abstract company was incompetent. He did not testify from his own examination of the records, but from a memorandum thereof made, insofar as the evidence discloses, by another. The evidence of this attorney, however, is sufficient to support the decree.

Affirmed.