IRWIN et al. v. PEALS et al.

(In Banc. Jan. 12, 1948. Suggestion of Error Overruled April 12, 1948.)

[33 So. (2d) 298. No. 36600.]

April 12, 1948.)

[34 So. (2d) 725.   No. 36600.]

Brandon, Brandon, Hornsby & Handy, of Natchez, for appellants.

Engle, Laub, Adams & Forman, of Natchez, for appellees.

Argued orally by **Gerard Brandon**, for appellants, and by **C. F. Engle** and **R. B. Forman**, for appellees.

**Sydney Smith, C. J.**, delivered the opinion of the court.

The appellants exhibited a bill of complaint against the appellees for the cancellation of a lease executed by them to the appellant Vick, and of a quit-claim deed executed by them to Laura Peals, both being on the same tract of land; the ground of the appellants' complaint being that both of these instruments were fraudulently obtained. The land here involved is in Adams County, Mississippi, and was formerly owned by Monroe Johnson, who died many years ago leaving a number of heirs, among whom was his daughter Laura, the mother of the appellee Laura Peals. In 1896 or 1897 Laura Johnson was living openly with Clem Peals as his wife, either on the land in question or a short distance therefrom in Jef-

ferson County, and continued so to do until her death in 1899. There was evidence that they were united by a ceremonial marriage, which we will assume, for the purpose of the argument, the evidence establishes. No marriage license is shown to have been issued for this marriage. After Laura Johnson Peals, the mother of Laura Peals, died, Clem Peals removed to Louisiana and continued to reside there until his death some years before the filing of this bill of complaint, making no claim whatever to having any interest in this land which was inherited by his former wife from her father. Some time after he removed to Louisiana, he married the appellant Lucy Peals Haynes, she having, after his death, married a man by the name of Haynes. The appellant, Lettie Peals Irwin, is the only child of Clem and Lucy Peals.

The case was heard on bill, answer, and cross-bill of the appellee Laura Peals, and evidence, resulting in a decree dismissing the bill of complaint and cancelling the claims of the appellants to the property. Several questions are presented by the record, one of which is whether the marriage of Clem Peals and Laura Peals was valid, and as we have arrived at the conclusion that it was not valid, it will be unnecessary for us to consider the other questions, for if this marriage was not valid, Clem Peals, through whom the appellants claim, was not an heir of his alleged wife Laura, and her daughter Laura was her sole heir. Laura Peals had two children, but one of them died in infancy. The alleged marriage between Clem Peals and Laura Johnson Peals occurred in 1896 or 1897, and as hereinbefore stated, Laura Johnson Peals died in 1899. Section 2864, Code of 1892, which was in force until the adoption of the Code of 1906, provides that: "A marriage shall not be contracted or solemnized unless a license therefor shall first have been duly issued, and such license shall be essential to the validity of a marriage." While this statute was in force a common-law marriage entered into with, or without, the usual marriage ceremony, was void. Sims v. Sims, 122 Miss.

745, 85 So. 73. See also Succession of Marinoni, 177 La. 592, 148 So. 888. The validity of this marriage, or, to be more specific, that it was solemnized pursuant to a certificate issued therefor, will be presumed in the absence of evidence that no such certificate was issued. The appellants introduced no evidence as to whether such a certificate was or was not issued, but the appellees introduced certificates of the clerks of the Circuit Courts of Adams, Jefferson, Claiborne, and Warren Counties, competent under Section 1727, Code of 1942, "that I have made a careful search of the colored records of marriages kept in my office from the time of the beginning of same down to and including December 31st 1902, and from said examination do hereby certify that I find no record where marriage was ever contracted in this county between Clem Peals and Laura Johnson." But, it is said that this evidence is not sufficient to negative the contraction by Clem and Laura of a valid marriage in some other county or country. Under Section 2860, Code of 1892, the only Mississippi officer authorized to issue a license for a marriage was the clerk of the circuit court of the county in which the female usually resided, we must therefore presume that no such license was issued anywhere in Mississippi for the reason that Laura Johnson Peals resided continuously in either Jefferson or Adams County. Of course, she and Clem may have contracted a valid marriage in some other country, but that they did is, under the evidence here, such an improbability as not to require proof negativing it. From this it follows that Clem Peals was not an heir of his alleged wife, Laura, and therefore did not have any interest in this property to transmit to the appellants by inheritance. Affirmed.

ON SUGGESTION OF ERROR.

**Alexander, J.,** delivered the opinion of the court on suggestion of error.

In our former opinion, we supported our finding of no ceremonial marriage between Clem Peals and Laura Johnson by reference to the certificates of the circuit clerks of the respective counties, including those in which Laura Johnson resided that after examination they so found "no record where marriage was ever contracted in this county between Clem Peals and Laura Johnson."

It is suggested that such certificates are not sufficient to show that a valid marriage was not elsewhere contracted. Such contention, it must be conceded, is sound. However, a valid license was a prerequisite to any such marriage, and the basis for our finding ought to have included the fact that there was evidence that no license was issued.

We stated that "no marriage license is shown to have been issued for this marriage." We refer, therefore, to the testimony of one Norseworthy, an experienced abstractor, who testified that he had examined the marriage license record of the counties of Adams and Jefferson, in which Laura Johnson resided and where such license was required to be procured, and also the records of other adjoining counties, including Concordia Parish in Louisiana. His testimony is uncontradicted that these records showed that no marriage license was issued. Such testimony is competent and was a sufficient basis for the chancellor's finding. Bourland v. Hatchcock, 186 Miss. 223, 188 So. 9; Reichert v. Sheip, Inc., 212 Ala. 300, 102 So. 440; Colton's Estate, 129 Iowa 542, 105 N. W. 1008; Peters v. Adcock, 196 Ga. 118, 26 S. E. (2d) 342; Blair's Foodland v. Shuman's Foodland, 311 Mass. 172, 40 N. E. (2d) 303; see also Com. v. Best, 180 Mass. 492, 62 N. E. 748; Long v. State, 120 Tex. Cr. R. 373, 48 S. W. (2d) 632; Wigmore on Evidence, 3rd Ed., Sec. 1244.

Our former opinion is therefore here supplemented to rest our decision, not upon the proof of an absence of a record of marriage, which concededly would be insufficient, but upon proof of the absence of a license.

Appellees have, in reply to the suggestion of error, filed a motion to stay the hearing on this appeal until the trial court has had an opportunity to "perfect the record," and "furnish a supplemental transcript herein." This procedure is unknown to us. It is not a suggestion of diminution of the record before us, but apparently is a device whereby suppletory proof may be taken to supply, by further record, additional testimony. Motion to strike the supplemental record is sustained. ·

The motion to stay will be overruled, and our action may rest alone upon the ground that our examination of the present record is found sufficient to warrant overruling of the suggestion of error.

Suggestion of error overruled.