ROBINSON, et al. *v.* WILLIAMS.

Feb. 25, 1952.

No. 38243 (57 So. (2d) 294)

**V. Ruth Campbell,** for appellants.

**Vance E. Good** and **Dent & Ward**, for appellee.

**McGehee, C. J.**

On November 10, 1945, a marriage ceremony was duly performed between the appellee Tom Williams and Rosie Robinson, under a proper marriage license. He had previously, on July 17, 1943, become married to one Lula Taylor in like fashion. Lula had theretofore borne the names of Lula Ladderson, Lula Winchester and Lula Willis. Her name was given in the marriage license as Lula Taylor when she married Tom Williams, since she had previously lived with one Taylor for three or four years without having been married to him.

On November 19, 1949, Rosie Robinson Williams died intestate, seized and possessed of a house and three acres of land and some personal property. She was an unmarried person prior to her marriage to the appellee Tom Williams on November 10, 1945, and at her death she left surviving her the said Tom Williams and two brothers of

the whole blood, the appellants Levi Robinson and Fred Robinson, and two sisters of the half blood. Whereupon the appellee Tom Williams qualified as administrator of her estate claiming to be her sole heir at law.

On June 14, 1950, the said Levi and Fred Robinson, together with their two half-sisters, filed their petition in the Matter of the Estate of Rosie Robinson Williams, Deceased, asking that the appellee Tom Williams be removed as administrator thereof and that the petitioners be declared to be the sole heirs at law of the deceased. In their petition they alleged the marriage of Tom Williams to Lula Taylor on July 17, 1943, prior to his marriage to Rosie Robinson on November 10, 1945, and filed certified copies of two duly executed marriage licenses as exhibits to their petition; and they further alleged that Lula Taylor was living at the time of the marriage of Tom Williams to their sister Rosie Robinson, and also at the time of the filing of the petition in this cause, and that therefore the marriage entered into by Tom Williams and Rosie Robinson was illegal and void.

In his answer the defendant Tom Williams, individually and as administrator of the estate of Rosie Robinson Williams, deceased, denied that he was legally married to Lula Taylor on July 17, 1943, "for the reason that on the said date and continuously thereafter the said Lula Taylor was incapable of lawfully contracting a marriage with the defendant or anyone else, for the reason that she was then lawfully married to one Arthur Willis", and that the said marriage had never been dissolved by divorce or otherwise. He admitted in his answer, however, that neither he nor Lula Taylor had obtained a divorce from the other, and relied upon the alleged invalidity of his marriage to Lula Taylor as the ground for sustaining the validity of his subsequent marriage to Rosie Robinson.

From a final decree in favor of the said Tom Williams wherein he was adjudged to have been legally married to Rosie Robinson Williams at the time of her death and

entitled to her property as the sole heir at law, this appeal is prosecuted by the petitioners Levi and Fred Robinson as her two next of kin of the whole blood.

At the hearing on the petition the proof disclosed that on March 2, 1932, a marriage was celebrated between Arthur Willis and Lula Ladderson, and it was admitted that she and Lula Winchester and Lula Taylor are one and the same person; that the said Lula Ladderson separated from the said Arthur Willis during the year 1934 and did not thereafter live with him. That she saw him in Vicksburg in 1941 or 1942, which was shortly prior to her marriage to Tom Williams; and that she was notified by the United States Government in 1946 that Arthur Willis, a World War II veteran, had died in Chicago.

In the meantime Lula had lived in Warren County for the most part, a short time in Arkansas, and she moved to Greenville, Mississippi, subsequent to her separation from the appellee Tom Williams. She testified at the trial of this cause, as a witness for the appellee Tom Williams, that she and Arthur Willis had never been divorced at any time prior to his reported death in 1946.

The appellee undertook to prove that Arthur Willis had never obtained divorce from Lula at any place where either of them had resided, and to that end a certificate of the clerk of Warren County and of the clerk of Washington County, Mississippi, were introduced in evidence. In addition thereto, certificates were offered in evidence over the objection of the petitioners Levi and Fred Robinson to show that no divorce had been obtained in Arkansas, Louisiana or in Illinois in the jurisdictions where one or the other of the parties had resided, the objection to the certificates being that they were merely signed by the clerks in these foreign jurisdictions respectively, under their seals of office, without being properly authenticated under the Act of Congress, Section 687, Title 28, U.S.C.A. The objection to these certificates was sustained by the trial court, and there is no contention made on this appeal that the same were

competent on the issue of whether or not Arthur Willis may have obtained a divorce from Lula in one of these foreign states. The correctness of the ruling of the trial court in that behalf seems to have been well settled in the case of Wallace v. Herring, 207 Miss. 658, 43 So. (2d) 100.

A ceremonial marriage, such as that celebrated between Tom Williams and Rosie Robinson, would ordinarily raise a strong presumption that the former marriage of Tom Williams and Lula Taylor had been dissolved by death or divorce. This presumption, however, can not prevail as against the established fact that Lula Taylor was still alive at the time of the trial, when she appeared as a witness, and as against the admitted fact that neither she nor Tom Williams has obtained a divorce from the other.

In the case of McAllum et al. v. Spinks et al., 129 Miss. 237, 91 So. 694, 697, there was involved the right of inheritance from one William McAllum. Shortly prior to his death William had contracted a ceremonial marriage in Humphreys County with a woman by the name of Pearl, who was living with him at the time of his death. Pearl had been married three times. He first husband was named Lee Blockett. The court stated in its opinion that ''her marriage with Lee Blockett is overwhelmingly shown in the record, and admitted by her. She testified that she had never gotten a divorce from him, and that so far as she knew he had never gotten one from her; that before marrying William she had heard through her mother that someone had informed her that Lee was dead. * * * The testimony, however, was overwhelming, and the chancellor so found, that the Lee Blockett who married this complainant was not dead. * * * The records of the various counties in which both Pearl and Lee had lived from the time of their moving to the Delta until the time of Pearl's marriage to William were introduced in evidence, and showed that there had been no divorce between this couple. The presumption was, of course, that Pearl's marriage to William was valid, and

the burden of proof was upon the defendants to show its invalidity. Wilkie v. Collins, 48 Miss. 496; Alabama & V. Railway Co. v. Beardsley, 79 Miss. 417, 30 So. 660, 89 Am. St. Rep. 660; Colored Knights of Pythias Lodge v. Tucker, 92 Miss. 501, 46 So. 51. This burden was met by showing the marriage, that Lee was alive, and that they were not divorced. It follows that because Pearl had a living husband, her marriage with William was void.''

In the instant case the appellants met the burden which rested upon them when attacking the validity of the marriage between Tom Williams and their sister, Rosie Robinson Williams, when they proved that at the time of their marriage Tom Williams had two years prior thereto married Lula Willis or Lula Taylor and that Lula was still alive and that neither she nor Tom Williams had obtained a divorce from the other. Any presumption in favor of the validity of the ceremonial marriage between Tom Williams and Rosie Robinson Williams on November 10, 1945, was completely overcome by the proof of the former ceremonial marriage of Tom Williams to Lula Willis or Lula Taylor on July 17, 1943, and that both of the parties to this former marriage were still living and were not divorced, until and unless this proof in regard to the former marriage had been overcome by Tom Williams by showing that his marriage to Lula Willis or Lula Taylor on July 17, 1943, was void because of the alleged fact that Lula's former husband, Arthur Willis, was still living and that they were not divorced.

The trial court would have been warranted in finding from the circumstances testified to by Lula that Arthur Willis was still living both in 1943 and 1945, and that in all probability he did not die until shortly prior to the time she was notified by the Government in 1946 that he had died in Chicago, Illinois, but when the certificates of the clerks in the only foreign jurisdictions where either Lula or Arthur had lived between 1934 and 1946 as to whether or not Arthur may have obtained a divorce

from Lula prior to her marriage to Tom Williams on November 10, 1945, were excluded as evidence on the ground that they were not properly authenticated, there was no proof left in the record as to whether or not during that time Arthur may have obtained a divorce from Lula, except the mere statement of Lula on the witness stand that she and Arthur had not been divorced. Obviously a divorce could have been obtained by Arthur on publication of process in a foreign jurisdiction without Lula knowing of such fact.

We are of the opinion that under the cases of McAllum et al. v. Spinks et al., supra; Pigford v. Ladner, 147 Miss. 822, 112 So. 785; Bourland v. Hatchcock et al., 186 Miss. 223, 188 So. 9; Vaughan v. Vaughan, 195 Miss. 463, 16 So. (2d) 23; Wallace v. Herring, 207 Miss. 658, 43 So. (2d) 100; U. S Fidelity & Guaranty Co. v. Smith, 211 Miss. 573, 52 So. (2d) 351; Fleming v. Fleming, Miss., 56 So. (2d) 35; 55 C.J.S., Marriage, Sec. 43, pp. 893-894; 35 Am. Jur., Sec. 195, p. 306; ▓▓ the ceremonial marriage between Lula Willis or Lula Taylor and Tom Williams, which was a second marriage so far as she was concerned, is presumed to have been valid, and that it was incumbent upon Tom Williams to prove its invalidity by showing that Arthur Willis, although still living, had not obtained a divorce from Lula at any time prior to her second marriage and prior to the subsequent ceremonial marriage between the appellee Tom Williams and Rosie Robinson Williams on November 10, 1945.

▓▓ However, we have concluded that under the case of Witherspoon v. State ex rel. West, 138 Miss. 310, 103 So. 134, and with particular reference to the last paragraph in the opinion of the court therein, this cause should be reversed and remanded in order that the certificates of the clerks from the foreign jurisdictions on the issue of whether or not Arthur Willis had obtained a divorce from his wife Lula may be properly authenticated and rendered competent as evidence under the Act of Congress, Section 687, Title 28, U.S.C.A. In

addition to the authority of the Witherspoon case, we are constrained to reverse and remand this cause for the purpose aforesaid, on the ground that it appears that the trial court was evidently of the opinion that the burden was upon the appellants rather than upon the appellee to show whether or not Arthur Willis had obtained a divorce from Lula Willis in a foreign jurisdiction, and we assume that if the decree of the trial court had not been in favor of the appellee, and on the ground that the certificates were not properly authenticated, the trial court would have likely been willing to sustain a motion to remand the case to rules in order that the defect in the certificates could have been corrected. Since the decree was in favor of the appellee it was evidently deemed unnecessary that the certificates be properly authenticated, and evidently upon the theory that it was incumbent upon the appellants to prove that a divorce *had* been granted to Arthur Willis prior to the subsequent marriage of his wife to the appellee Tom Williams. Upon remand, it will, of course, be necessary that the appellee shall prove that in all probability Arthur Willis did not reside in any other foreign jurisdiction for a sufficient length of time to have obtained a divorce. We adopt this liberal course in remanding the cause for a further development of proof because of the fact that the appellee had lived with Rosie Robinson Williams for a period of approximately four years immediately prior to her death and is entitled to inherit from her if their marriage was in fact a valid marriage.

Reversed and remanded.

**Lee, Kyle, Holmes** and **Ethridge, JJ.,** concur.